UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                              Case Nos.   3:02cr110/RV
                                                            3:13cv403/RV/CJK

BRIAN A. PUGH
        Reg. No. 02040-088
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  (ECF No. 218).  The Government has filed a response (ECF No. 225) and Pugh has filed a reply.  (ECF No. 229).  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied.  *See* Rules Governing Section 2255 Cases 8(a) and (b).

PROCEDURAL BACKGROUND

Defendant was charged in a two count superseding indictment with possession of a firearm by a convicted felon ("Count One") and possession of ammunition by a convicted felon ("Count Two") in violation of 18 U.S.C. §§ 922(g) and 924(c)(1)(C)(i). (ECF No. 32). A jury convicted him as charged in February of 2003. (ECF Nos. 50, 52). Pugh's sentencing guideline range was calculated to be 188 to 235 months, and the court sentenced him to a term of 120 months imprisonment on Count One and a consecutive term of 108 months imprisonment on Count Two, for a total of 228 months imprisonment. (ECF No. 60).

Defendant appealed, raising numerous grounds for relief, including several claims of police and prosecutorial misconduct. (ECF No. 94). Ultimately he was afforded relief on one claim. The Eleventh Circuit held that the district court's application of a guideline enhancement based on a 1981 arson conviction that was more than 15 years old constituted plain error. (ECF No. 94 at 15–16). The appellate court noted that a person convicted of illegally possessing firearms or ammunition receives a base offense level of 24 if he committed the offense "subsequent to sustaining at least two felony convictions of . . . a crime of violence." U.S.S.G. § 2K2.1(a)(2). A base offense level of 20 if such an individual previously had only one

felony conviction for a crime of violence.  U.S.S.G. § 2K2.1(a)(4)(A).  Significantly,
only those prior convictions that receive criminal history points under § 4A1.1(a)–(c)
may be counted when determining a defendant's offense level under § 2K2.1(a).  *See*
U.S.S.G. § 2K2.1, comment. (n.10).[1]  Under § 4A1.1, a sentence that was imposed
more than fifteen years prior to the commencement of the instant offense and did not
result in defendant being incarcerated during the fifteen year period is not counted
and receives no criminal history points.  U.S.S.G. § 4A1.1.  The PSR reflects that
Defendant's sentence on his arson conviction expired on May 16, 1982.  (ECF No.
197, PSR ¶ 51).  Therefore, the conviction received no criminal history points and
could not properly be used to establish Pugh's base offense level as a prior conviction
for a crime of violence.  The appellate court vacated Pugh's sentence "as to this
issue" and remanded for re-sentencing.  (ECF No. 94 at 15, 20–21).

Defendant's newly calculated guideline range was 130 to 162 months.  (*See*
ECF No. 62 at 2).  The Government asked the court to depart upward and impose a
sentence that would more adequately reflect the seriousness of Defendant's conduct.
(ECF No. 62 at 2).  The court sentenced Defendant to a total term of 210 months
imprisonment, which was comprised of 120 months imprisonment on Count One and

---

[1]The comment cited in the Eleventh Circuit's opinion was note 15.  This provision is contained in note 10 of the 2015 Sentencing Guidelines.

a consecutive term of 90 months imprisonment on Count Two. (ECF No. 99). The Judgment indicated that the sentence was also to run consecutive to Defendant's sentence in Case No. 3:02cr99-001/RV, in which he had been charged with violation of supervised release. (ECF No. 99 at 2). Defendant appealed. The Eleventh Circuit affirmed his conviction and sentence, and the Supreme Court denied his petition for a writ of certiorari. (ECF Nos. 129, 130).

Defendant filed a motion to vacate in September of 2007, which he subsequently amended to include a claim that his sentence violated *Begay v. United States*, 553 U.S. 137 (2008), and *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008). (ECF Nos. 131, 150). In his supplemental claim, Defendant argued that one of his prior convictions for possession of an unregistered firearm was no longer properly classified as a crime of violence and due process required that the sentence be vacated. The district court denied Defendant's § 2255 motion, but the Eleventh Circuit remanded for full consideration of Defendant's *Begay* claim, discussion of which had not been included in the initial order. (ECF Nos. 164, 183). In an amended Report and Recommendation, the magistrate judge recommended that Defendant's § 2255 motion be granted only as to his claim that he was entitled to re-sentencing due to the reduction in the number of convictions for "crimes of violence"

after *Begay*. (ECF No. 186 at 34). The district court adopted the recommendation, ordered the preparation of a revised PSR, and directed that Pugh be returned to court for re-sentencing. (ECF No. 190).

The district court conducted Pugh's third sentencing hearing on June 1, 2011. (ECF Nos. 201, 203, 212). Defendant's base offense level for each offense, without any countable prior violent felonies, was 14. His total offense level, after adjustments, was 22 and his criminal history category was V. The applicable guidelines range was 77 to 96 months. (ECF No. 197). The court sentenced Defendant to a term of 100 months on Count One and a consecutive term of 75 months on Count Two. (ECF No. 203). As before, the sentence was ordered to run consecutively to Defendant's sentence in Case No. 3:02cr99-001/RV as well as in Case No. 3:04cr88/LAC, where Defendant received a 120 month sentence for threatening an officer of the court. (ECF No. 203). Defendant appealed, contending his sentence was substantively unreasonable due to the district court's upward departure from the guidelines. The Eleventh Circuit affirmed, finding the district court had considered the 18 U.S.C. § 3553(a) factors and offered reasons for departure, including Defendant's threats to officers of the court and Defendant's commission of a battery on his cell mate. The appellate court also noted that the

sentence imposed on each count was less than the statutory maximum sentence of ten years.  (ECF No. 216 at 2–3).

In July of 2013, Defendant timely filed the instant § 2255 motion, the first such challenge to his second amended judgment.  In the motion, Pugh claims that the attorneys who represented him at the 2011 re-sentencing and on appeal after the re-sentencing were constitutionally ineffective in myriad respects, including that counsel who appeared for re-sentencing was constitutionally ineffective because he did not file a motion to recuse the district judge, and that the court sentenced him in violation of the ex post facto clause and Due Process.

## LEGAL ANALYSIS

### General Standard of Review

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).   "Relief under 28 U.S.C. § 2255 'is reserved for

transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal.  *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994).  Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.  *Nyhuis*, 211 F.3d at 1343 (quotation omitted).  Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised.  *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011).   An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n.14 (*quoting Mills*, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted).   To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235.   A meritorious claim of ineffective assistance of counsel can constitute cause. *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012). In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir.2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to examine

counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (*quoting Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315. When reviewing the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be

substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (*quoting Strickland*).  For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010).  A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (*quoting Strickland*, 466 U.S. at 687).  Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level.  *Glover v. United States*, 531 U.S. 198, 203–04 (2001).  A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance.  *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987).  Bare, conclusory allegations of ineffective assistance are

insufficient to satisfy the *Strickland* test.  *See Boyd v. Comm'r, Ala. Dep't of Corr.*,

697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804,

807 (11th Cir. 2012) (*citing Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993));

*Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941

F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir.

1990) (*citing Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and

presumptions set forth above, "the cases in which habeas petitioners can properly

prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313.  This is because

the test is not what the best lawyers would have done or even what most good lawyers

would have done, but rather whether some reasonable lawyer could have acted in the

circumstances as defense counsel acted.  *Dingle*, 480 F.3d at 1099; *Williamson v.*

*Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000).  "Even if counsel's decision appears

to have been unwise in retrospect, the decision will be held to have been ineffective

assistance only if it was 'so patently unreasonable that no competent attorney would

have chosen it.'" *Dingle*, 480 F.3d at 1099 (*quoting Adams v. Wainwright*, 709 F.2d

1443, 1445 (11th Cir. 1983)).  The Sixth Circuit has framed the question as not

whether counsel was inadequate, but rather whether counsel's performance was so

manifestly ineffective that "defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992). Regardless of how the standard is framed, under the prevailing case law it is abundantly clear that a moving defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance. A defendant's belief that a certain course of action that counsel failed to take might have helped his case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015); *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008). Not every claim of ineffective assistance of counsel warrants an evidentiary hearing. *Gordon*, 518 F.3d at 1301 (*citing Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true would prove he is entitled to relief. *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *See Winthrop–Redin v. United*

*States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004).  Even affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.  *Lynn*, 365 F.3d at 1239.  Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

Ground One–Ineffective Assistance of Sentencing Counsel

Defendant first contends that Attorney Brian Lang, who represented him at the June 2011 re-sentencing was constitutionally ineffective in myriad respects.  In order to present a clear and contextual picture of Mr. Lang's performance, details of what transpired at the re-sentencing will be set forth herein in detail.

The district court commenced the re-sentencing by adjudicating Defendant guilty pursuant to the jury's verdict.  (ECF No. 212 at 3).  It advised Defendant that he would have the opportunity to speak, both personally and through counsel, about anything Defendant wanted the court to know.  The court asked whether Defendant had discussed and reviewed the revised PSR with his attorney.  Defendant responded that he had.  Although Pugh said that he had not noticed any factual errors in the PSR,

he said that he had advised counsel that he thought the 2010 version of the Sentencing Guidelines should apply to his re-sentencing.  (ECF No. 212 at 3).  After some discussion, the parties agreed that the same calculations would result from application of either the 2002 or the 2010 version of the guidelines, and the court noted that no ex post facto question existed.  (ECF No. 212 at 4).  Pugh admitted that he was unaware of any benefit that would inure to him from using the newer version of the Guidelines, but observed that § 1B1.10 states that the court should use the version of the Sentencing Guidelines in effect at the time of sentencing.  The court responded by noting that because a number of things had changed since the original sentencing, inclusion of Defendant's subsequent criminal conviction for threatening an officer of the court would change the guidelines calculations to Pugh's detriment. (ECF No. 212 at 5).

Attorney Lang identified no objections to the PSR, and agreed that the new base offense level of 14, reduced from 20, was correct.  Lang objected to the Government's request for upward departure that was dated May of 2003.  Counsel pointed out that there had been numerous changes in the circumstances of the case since then, and asked that the Government at minimum provide an updated request to "correct some of the inconsistency and incorrect statements."  (ECF No. 212 at 6).

The Government conceded that there had been some changes since it filed the request (ECF No. 62), but insisted that the basic rationale supporting its position that an upward departure was warranted, that Defendant's criminal history and the likelihood of recidivism were not adequately reflected in the criminal history category, remained the same.  (ECF No. 212 at 6–7).   Defense counsel specifically noted numerous factual corrections to the Government's motion for upward departure, and expressed his opinion that his client had seemingly transformed and was no longer the person reflected in the court records.  (ECF No. 8–9, 18–19).  Defendant spoke on his own behalf about the nature and age of his criminal history, and gave a general statement in allocution encouraging the court to consider his significant post-sentencing rehabilitation.  (ECF No. 212 at 10–18).  After considering the arguments presented, the court imposed a sentence of 175 months imprisonment.  It identified reasons for the upward departure as including the seriousness of the offense, the threats made by Defendant to three officers of the court, the battery committed upon Defendant's cellmate in jail, Defendant's extensive criminal history, some of which was not addressed by the guidelines, and the likelihood that Defendant would commit other crimes.  (ECF No. 212 at 20–22, 23–24).  The court specifically acknowledged that it had taken into account the mitigating factors provided by Defendant at sentencing,

also noting that the sentence was a significantly lower sentence than it had imposed in 2004 without the additional crime of violence. (ECF No. 212 at 22).

Although Defendant raises seven individual claims of error regarding counsel's performance, he has not shown how any of the alleged acts or omissions by counsel would have altered the outcome of this case. First, Defendant's repeated suggestion that counsel should have objected to the fact that the district court "ignored the Eleventh Circuit's mandate" is unfounded. The Eleventh Circuit was not the court that determined Defendant was entitled to sentencing relief. The mandate to which he refers was not a merits ruling, but rather a remand in accordance with *Clisby v. Jones*, 960 F.2d 925, 938 (11th Cir. 1992). Such a remand occurs when a district court has not fully considered all of the claims presented to it. Thus, the "mandate" to which Defendant refers only directed the district court to address a claim that had been omitted from the original recommendation; it offered no opinion as to the merits of that or any other claim in the § 2255 motion. (*See* ECF Nos. 162, 164, 183).[2] It was not the mandate that led to Pugh's resentencing, but rather the district court's adoption of the amended report and recommendation, which contained the first merits based analysis of Defendant's *Begay* claim and concluded that Defendant was entitled

---

[2]Contrary to the court's usual practice, Defendant had been permitted to raise his supplemental claim as part of a separate document. (ECF No. 150, 151).

Case Nos. 3:02cr110/RV/CJK; 3:13cv403/RV/CJK

to re-sentencing. (*See* ECF Nos. 186, 189, 190). There was no basis for such an objection. Counsel is not ineffective for failing to preserve or argue a meritless claim. *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (*citing Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)); *see also Sneed v. Florida Dep't of Corrections*, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve meritless *Batson* claim not ineffective assistance of counsel); *Lattimore v. United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit).

Next, contrary to Defendant's suggestion, the revised PSR that was used for Defendant's 2011 re-sentencing correctly removed the enhancement for the prior conviction for possession of an unregistered firearm, which resulted in a significantly lower base offense level. (ECF No. 197, PSR ¶ 28). His assertion that counsel failed to object to miscalculations in the PSR does not identify any other alleged miscalculations.[3] Similarly, the claims that counsel unprofessionally "committed

---

[3]A letter addressed to Defendant from U.S. Probation Officer Pamela Lassiter suggests that since the district court departed upward in both criminal history category (from V to VI) and offense level (from level 22 to level 28), any error in scoring would not have affected the ultimate sentence imposed in Defendant's case. (ECF No. 229 at 11–12).

prejudicial errors," and failed to investigate court records and files and object to the "exclusion of relevant information from the previous re-sentencing" are insufficiently specific to warrant relief.

One cannot overlook that Defendant appears to take logically contrary positions by insisting that he should have been sentenced in accordance with the "law of the case" and not penalized for any post-conviction conduct, while simultaneously asserting a right to benefit from post-sentencing rehabilitation. The record reflects that counsel diligently assisted in painting a positive picture of his client, and assisted Defendant in submitting significant evidence of post-sentencing rehabilitation.

In sum, Defendant has not identified any actions or omissions of counsel that had an adverse impact on his resentencing. No relief is warranted on the claim.

Ground Two–Ineffective Assistance of Appellate Counsel

Defendant next assails the performance of appellate counsel, Attorney Charles Lee Truncate, who represented Defendant on direct appeal after re-sentencing. Mr. Truncate challenged the substantive reasonableness of Defendant's sentence, claiming that an improper upward departure resulted in an excessive and unreasonable sentence. (ECF No. 216). The Eleventh Circuit rejected this argument. Defendant now contends that counsel should have raised three other, "stronger"

arguments Defendant brought to counsel's attention before appellate briefing, and that, had counsel done so, the appeal would have succeeded.

Due process of law requires that a defendant receive effective assistance of appellate counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  The Sixth Amendment does not, however, require appellate advocates to raise every non-frivolous issue on appeal if counsel, as a matter of professional judgment, decides not to do so. *Smith v. Robbins*, 528 U.S. 259, 287–88 (2000); *Knowles v. Mirzayance*, 556 U.S. 111, 126–127 (2009); *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983); *Heath v. Jones*, 941 F.2d 1126, 1130–31 (11th Cir. 1991).  An unhappy criminal defendant may bring a *Strickland* claim based on counsel's failure to raise a particular claim, but it is difficult to demonstrate in such a situation that counsel's performance was constitutionally ineffective. *Smith*, 528 U.S. at 288 (*citing Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986) ("Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome")); *see also Payne v. United States*, 566 F.3d 1276, 1277 (11th Cir. 2009) (*citing Smith*).  "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Barnes,* 463 U.S. at 751–52.

In fact, this is the "hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986).  The mere fact that one of the non-appealed issues might have been successful does not preclude a finding that the counsel's performance, which must be judged in its entirety, was effective.  *Id*.; *Heath*, 941 F.2d at 1131 (counsel's appellate advocacy must be judged in its entirety); *Reutter v. Secretary for Dept. of Corrections*, 232 F. App'x 914, 917 (11th Cir. 2007) (*citing Heath*).

To prevail on a claim for ineffective assistance of appellate counsel, a defendant must show that (1) appellate counsel's performance was deficient, and (2) but for counsel's deficient performance the appeal would have been successful. *Shere v. Sec'y Fla. Dep't of Corr.*, 537 F.3d 1304, 1310 (11th Cir. 2008); *see Philmore v. McNeil*, 575 F.3d 1251, 1264 (11th Cir.2009) (holding that claims for ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Counsel is clearly not ineffective for failing to raise a meritless issue on appeal.  *Shere*, 537 F.3d at 1311; *Ladd v. Jones*, 864 F.2d 108, 110 (11th Cir. 1989) ("[S]ince these claims were meritless, it was clearly not ineffective for counsel not to pursue them."). In determining whether defense counsel rendered ineffective assistance by failing to raise certain issues on appeal, the court may consider the merits of the issues the

defendant alleges counsel was derelict in not raising on appeal. *Miller v. Dugger*, 858 F.2d 1536, 1538 (11th Cir. 1988).

Defendant here asserts that he told counsel to appeal first the district court's alleged procedural error of considering issues outside the scope of a limited remand, and second, the court's alleged violation of the "mandate rule." As noted above, Defendant's arguments with respect to the remand are premised upon a misunderstanding of the scope of the Eleventh Circuit's opinion. (ECF No. 183). Counsel was not constitutionally ineffective for declining to brief such meritless issues on appeal.

Defendant also wanted appellate counsel to pursue a claim that the district court committed a significant procedural error by failing to correctly calculate the guideline sentencing range. He references a footnote in the Eleventh Circuit's opinion which noted that "Pugh does not appeal the procedure of the upward departure, rather he challenges the extent of the departure as unreasonable." (ECF No. 216 at 2). Contrary to Defendant's suggestion, this footnote cannot be read as telegraphing that such a challenge would have been successful. This is particularly so in light of the fact that the sentence, however arrived at, was determined to have been reasonable. Furthermore, Defendant has not suggested how the district court

erred in determining the applicable guidelines range.  Accordingly, appellate counsel

was not constitutionally ineffective for failing to pursue any of these claims.

<u>Ground Three–Failure to file a Motion to Recuse the District Judge</u>[4]

Defendant's third ground for relief again relates to the performance of Mr.

Lang.  Pugh maintains that Lang's representation at the 2011 re-sentencing was

constitutionally ineffective because Lang should have filed a motion to recuse the

district judge.  Recusal would have been appropriate, argues Pugh, to maintain the

"appearance of justice."  In support of this position he notes that the district court

stated twice on the record that this was the third time it was sentencing Pugh in this

case.  (ECF No. 212 at 7, 19).

Section 455 of Title 28 of the U.S. Code creates two conditions for recusal.

*United States v. Amedeo*, 487 F.3d 823, 828 (11th Cir. 2007); *United States v. Patti*,

337 F.3d 1317, 1321 (11th Cir. 2003).  First, § 455(a) provides that a judge shall

disqualify himself in any proceeding in which his impartiality might reasonably be

questioned.  28 U.S.C. § 455(a).  Under § 455(a), recusal is appropriate only if "an

objective, disinterested, lay observer fully informed of the facts underlying the

grounds on which recusal was sought would entertain a significant doubt about the

---

[4]The Government did not address Defendant's third and fourth claims for relief in its response.

judge's impartiality." *Amedeo*, 487 F.3d at 828 (*citing Patti*, 337 F.3d at 1321 (citation omitted)).  And "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted); *see also United States v. Berger*, 375 F.3d 1223, 1227–28 (11th Cir. 2004).

Second, § 455(b) provides that a judge also shall disqualify himself where, inter alia, he actually "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1) (emphasis added). The bias or prejudice "must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case." *Amedeo*, 487 F.3d at 828–29 (*citing McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir.1990) (citation omitted)). "[O]pinions held by judges as a result of what they learned in earlier proceedings" do not constitute bias or prejudice. *Liteky*, 510 U.S. at 551. Thus, "[i]t has long been regarded as normal and proper for a judge to sit in the same case upon remand, and to sit in successive trials involving the same defendant." *Id.* It is no basis for recusal that the judge simply ruled adversely to the movant's cause. *See Berger*, 375 F.3d at 1227–28.

Finally, "there is as much obligation for a judge not to recuse himself when there is no occasion for him to do so as there is for him to do so when there is." *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014) (citation omitted).  Indeed, "a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." *Id*. (*quoting United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir.1986)).

 In this case, the only basis Defendant can offer for recusal is the claim that the presiding judge had sentenced Defendant twice before, and that the judge noted this fact during the proceedings.  The claim is factually accurate, but not an adequate basis to support recusal.  *See Liteky*, 510 U.S. at 551.  Neither section 455(a) nor 455(b) would have supported a motion for recusal in this case.  Furthermore, the district court's ruling on Defendant's "Motion for Reassignment of Case to a Different United States District Judge to Preserve an Appearance of Justice in a 28 U.S.C. § 2255 Proceeding" (ECF No. 230) offers additional support for the conclusion that, had counsel moved for recusal before the final sentencing, the motion would not have been granted.  Counsel is not constitutionally ineffective for failing to file a futile motion, and Defendant is not entitled to relief on this ground.  *Denson*, 804 F.3d at

1342; *Sneed*, 496 F. App'x at 27;  *Lattimore*, 345 F. App'x at 508; *Brownlee*, 306 F.3d at 1066.

### Ground Four– Ex Post Facto Clause/Due Process Violation

Defendant's final ground suggests he is entitled to relief under *Peugh v. United States*, 133 S.Ct. 2072 (2013).  In *Peugh*, the Supreme Court held that the Ex Post Facto Clause is violated when a defendant is sentenced under a guideline promulgated after he committed his criminal acts and the new version provides a higher sentencing range than the version in place at the time of the offense.

The district court stated at Defendant's re-sentencing in this case that there was no ex post facto issue, and Defendant himself admitted that there was no difference in the calculation of the applicable guidelines whether under the 2002 or 2010 version of the Sentencing Guidelines.  (ECF No. 212 at 4–5).  Accordingly, no ex post facto violation appears, *Peugh* is inapplicable to this case, and Defendant is not entitled to relief.

### Conclusion

For all of the foregoing reasons, Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28

U.S.C. § 2255 have merit.  Nor has he shown that an evidentiary hearing is warranted. Therefore Defendant's motion should be denied in its entirety.

### Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case Nos. 3:02cr110/RV/CJK; 3:13cv403/RV/CJK

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.  The motion to vacate, set aside, or correct sentence (ECF No. 218) be

**DENIED**.

2.  A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 15th day of March, 2016.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**